

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-09-381-CR

LE JERAL GUINN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Le Jeral Guinn appeals his conviction for indecency with a child. The female complainant was thirteen years old. The jury found Appellant not guilty of sexual assault of a child. In two issues, Appellant contends that the trial court erred in excluding certain evidence and in sustaining the State's objection

---

[1]See Tex. R. App. P. 47.4.

to Appellant's final argument. We overrule each issue and affirm the trial court's judgment.

## II. EXCLUSION OF EVIDENCE

At trial, the complainant testified that Appellant, a friend of her step-father and mother, came into her room at night and touched her thigh. When she told him not to, he replied that she needed not to scream and threatened to hit her "dead in the jaw" if she did. He pulled up her blouse and bra, fondled her breasts, and kissed her neck and ear while telling her he loved her. She testified that he then sexually assaulted her, although, the jury found him not guilty of this charge. On cross examination she was asked, "when his penis went inside your vagina, was it able to go in pretty easy?" and "[i]t was able to go in?" The victim responded "yes" to both questions.

Appellant called his girlfriend, Yolanda Watkins, to testify about her sexual relations with him. After the jury was removed, Appellant's attorney indicated he wanted to establish the large size of Appellant's penis. The trial court sustained the State's objection that the evidence was not relevant, stating "So it's not relevant. It's not helpful. It's misleading."

Under Texas Rules of Evidence 401, 402 and 403, evidence is "relevant" if

2

it tends to make the existence of any fact of consequence to the determination of the action more probable or less probable. Texas Rules of Evidence 401, 402, 403 in essence, provides that relevant evidence is admissible. Evidence is not admissible if it is not relevant. Here, Appellant argues the excluded evidence is relevant to cast doubt on the victim's testimony and her veracity.

The trial court clearly relied on rule 403, entitled, "Exclusion of Relevant Evidence on Special Grounds," which provides,

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Tex. R. Evid. 403. The court apparently concluded that the evidence was not relevant, not helpful, and was misleading (or confusing).

A trial court is given wide latitude to exclude, or not to exclude, evidence. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990) (op. on reh'g). As long as the court operates within the bounds of discretion, an appellate court should not disturb its decision. A trial court abuses its discretion in an evidentiary ruling only when it is so clearly wrong that it is outside the "zone of reasonable disagreement." *Id.* at 390–91.

In this case, the trial court considered the evidence Appellant sought to admit and found that it was simply not relevant. Other courts have likewise found that similar evidence was not relevant and thus not admissible. *See Bellaire v. State*, 110 S.W.3d 664, 671 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (by

3

itself, evidence of genital size irrelevant and inadmissible); *see also Thomas v. State*, No. 05-98-01820-CR, 2001 WL 43075, at *2 (Tex. App.—Dallas Jan. 17, 2001, pet. ref'd) (not designated for publication) (same). Accordingly, we hold that the trial court did not err in excluding this evidence. Appellant's issue one is overruled.

### III. CLOSING ARGUMENT

In his closing argument, Appellant's counsel argued that one of Appellant's felony convictions—burglary of a vehicle—was, "at this day and age," a misdemeanor. The trial court sustained the State's objection to Appellant's argument as a "misstatement of the law." We conclude that Appellant's argument was at least a partial misstatement of the law, or an incomplete one. Under section 30.04 of the Texas Penal Code, burglary of a vehicle is either a class A misdemeanor or a state jail felony if the defendant has been previously convicted two or more times under that provision. Tex. Pen. Code Ann. § 30.04(d)(2)(A) (Vernon Supp. 2009). Thus, we hold that the trial court did not abuse its discretion in sustaining the State's objection to Appellant's closing argument. We overrule Appellant's issue two.

### VI. CONCLUSION

We hold that the trial court did not err. However, had we found error, related to the issues raised in this appeal, it would not require reversal. After carefully reviewing the record and performing the required harm analysis under rule 44.2(b), we would hold beyond a reasonable doubt that neither error alleged

4

would have contributed to Appellant's conviction or punishment. *See* Tex. R. App. P. 44.2(a).

     We affirm the judgment of the trial court.


                        CHARLES BLEIL
                        JUSTICE

PANEL: DAUPHINOT and MCCOY, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 19, 2010